# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2020
_____

WPX Energy Williston, LLC,

*Plaintiff - Appellee*,

v.

Honorable B.J. Jones, in his capacity as Associate Judge of the Three Affiliated
Tribes District Court; Three Affiliated Tribes District Court,

*Defendants - Appellants*.

_____

No. 22-2025
_____

WPX Energy Williston, LLC,

*Plaintiff - Appellee*,

v.

Gabriel L. Fettig; Howard Fettig; Charles Fettig; Morgan Fettig,

*Defendants - Appellants*,

_____

Appeals from United States District Court
for the District of North Dakota - Western

_____

Submitted: February 16, 2023
Filed: July 3, 2023
_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.
_____

COLLOTON, Circuit Judge.

These appeals arise from a dispute over rights-of-way granted to WPX Energy Williston, LLC by the Bureau of Indian Affairs. The areas are located on allotments of land owned by members of the Fettig family within the Fort Berthold Indian Reservation. WPX Energy and the Fettigs agreed to a condition, which was incorporated into the grants, that bans smoking on the right-of-way land.

In 2020, the Fettigs sued WPX Energy in the Three Affiliated Tribes District Court, alleging that the company breached the smoking ban. WPX Energy moved to dismiss for lack of jurisdiction. The tribal court concluded that it possessed jurisdiction over the case, and denied the motion to dismiss. WPX Energy appealed the decision to a tribal appellate court.

Before the tribal appellate court issued a decision, WPX Energy brought this action in federal district court, seeking a preliminary injunction to enjoin the action in tribal court from proceeding. The district court concluded that WPX Energy had exhausted its tribal court remedies, and that the tribal court lacked jurisdiction, so it granted a preliminary injunction.

We conclude that WPX Energy did not exhaust its tribal court remedies, and that a ruling in federal court on the question of tribal court jurisdiction was premature. We therefore vacate the injunction and remand to the district court with directions to dismiss the complaint without prejudice.

# I.

WPX Energy drills and operates oil and gas wells and owns mineral interests within the Fort Berthold Reservation. Gabriel, Howard, Charles, and Morgan Fettig are enrolled members of the Mandan, Hidatsa, and Arikara Nation, also called the Three Affiliated Tribes. The Fettigs own four allotments of land on the Fort Berthold Reservation that were designated for oil and gas production by the Bureau of Indian Affairs.

Companies may obtain rights-of-way across tribal or individually-owned Indian land by submitting an application to the Bureau. The Bureau is authorized to grant such rights-of-way on behalf of the Secretary of the Interior. *See* 25 U.S.C. §§ 323-328; 25 C.F.R. § 169.101. As part of the application process, a company seeking a right-of-way must obtain consent from the tribe or individual landowners. *See* 25 U.S.C. § 324; 25 C.F.R. § 169.107. When arranging consent from landowners, the parties may agree to additional "restrictions or conditions" and "negotiated remedies" that are incorporated into the grant. *See* 25 C.F.R. §§ 169.107, 169.125, 169.403.

The Bureau granted rights-of-way to WPX Energy on the Fettigs' allotments for oil well pads, well bores, access roads, pipelines, and other appurtenances. WPX Energy obtained advance consent from the Fettigs as individual landowners. WPX Energy and the Fettigs negotiated additional restrictions and conditions that appear in what the parties describe as "side letter agreements."

One condition is a ban on smoking while on the right-of-way land on each allotment. Under the agreement, WPX Energy "will not allow its employees, representatives, vendors, or others to hunt on the premises nor will [WPX Energy] allow smoking." Another provision states that "if [WPX Energy], its employees,

representatives, vendors or others smoke on premises, [WPX Energy] will pay a fine of $5,000.00 per incident."

In 2020, the Fettigs sued WPX Energy in the Three Affiliated Tribes District Court, alleging that the company violated the agreement by allowing smoking. WPX Energy moved to dismiss on the ground that the tribal court lacked jurisdiction over the suit because the company is a non-Indian entity.

The tribal district court denied the motion to dismiss, and determined that it possessed jurisdiction. The tribal court cited *Montana v. United States*, 450 U.S. 544 (1981), which stated that tribal courts may exercise jurisdiction over the activities of nonmembers when they enter into consensual commercial relationships with a tribe or its members, or when a nonmember's conduct threatens a tribe's health or welfare. *Id.* at 565-66. WPX Energy appealed to the Mandan, Hidatsa, and Arikara Nation Supreme Court, and argued that the tribal court lacked jurisdiction over the dispute.

Before the MHA Nation Supreme Court issued a decision, WPX Energy brought this action in federal district court. The company sued the Fettigs, the Honorable B.J. Jones (in his capacity as an Associate Judge of the Three Affiliated Tribes District Court), and the Three Affiliated Tribes District Court. The complaint sought a declaration that the tribal court lacked jurisdiction over the Fettigs' suit, and an injunction preventing the tribal court action from proceeding. With the appeal still pending in the tribal appellate court, the defendants moved to dismiss on the ground that WPX Energy failed to exhaust its tribal court remedies. They argued alternatively that the tribal court properly exercised jurisdiction.

The district court denied the motion to dismiss, and granted WPX Energy's motion for a preliminary injunction. The court first concluded that WPX Energy exhausted its tribal court remedies. Although the MHA Nation Supreme Court had not issued a decision, the district court concluded that the tribal district court's

-4-

opportunity to determine its own jurisdiction was sufficient to satisfy the applicable exhaustion requirement. The district court then concluded that the tribal court lacked jurisdiction. The court reasoned that federal law does not expressly provide for tribal court jurisdiction over a claim made by a tribal member against a nonmember for breach of a right-of-way, and that the limited other grounds for the exercise of jurisdiction recognized in the *Montana* decision did not apply.

The Fettigs filed a counterclaim in this case, alleging fraud and breach of contract for violating the smoking ban in the right-of-way grants. WPX Energy moved to dismiss the Fettigs' counterclaim on the ground that the Fettigs did not exhaust their administrative remedies before the Bureau of Indian Affairs. The district court denied the motion to dismiss, but stayed the counterclaim to allow the Bureau to review the claims raised by the Fettigs.

Judge Jones and the Three Affiliated Tribes District Court filed a notice of appeal from the district court's order granting a preliminary injunction. They filed briefs challenging the entry of the injunction. The Fettigs filed a separate notice of appeal from the district court's order staying their counterclaim, but filed no appellate brief. The Fettigs submitted only a "Motion to Concur," which requests that they be allowed to "support and concur" with the brief filed by Judge Jones and the Three Affiliated Tribes District Court.

II.

In their brief on appeal, Judge Jones and the Three Affiliated Tribes District Court argue that the district court erred when it granted injunctive relief. They contend first that WPX Energy was required to exhaust its tribal court remedies and failed to do so. Without proper exhaustion, they maintain, the district court should not have reached the question whether the tribal court possessed jurisdiction.

The Supreme Court has explained that examination of tribal court jurisdiction ordinarily "should be conducted in the first instance in the Tribal Court itself." *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856 (1985). A congressional policy of "supporting tribal self-government and self-determination . . . favors a rule that will provide the forum whose jurisdiction is being challenged the first opportunity to evaluate the factual and legal bases for the challenge." *Id.*

Permitting tribal courts a "full opportunity" to determine their own jurisdiction serves the orderly administration of justice "by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed." *Id.* at 856-57. Exhaustion of tribal court remedies also encourages tribal courts "to explain to the parties the precise basis for accepting jurisdiction," and provides other courts with the benefit of the tribal court's expertise. *Id.* at 857.

The policy of promoting tribal self-governance is not limited to tribal court proceedings that involve the development of a factual record. Rather, exhaustion of tribal court remedies "means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts." *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987).

The district court thus erred when it concluded that WPX Energy need not exhaust its tribal court remedies because the tribal district court had an opportunity to determine its own jurisdiction. Although the tribal district court determined that it had jurisdiction over the rights-of-way dispute, the MHA Nation Supreme Court has not issued a decision in WPX Energy's appeal. "Until appellate review is complete, the [tribal courts] have not had a full opportunity to evaluate the claim and federal courts should not intervene." *Id.*

WPX Energy does not defend the district court's rationale, but argues that this court may affirm on an alternative ground. Because the exhaustion rule is prudential, not jurisdictional, *Strate v. A-1 Contractors*, 520 U.S. 438, 450 (1997), exhaustion is not required where an assertion of tribal jurisdiction is "patently violative of express jurisdictional prohibitions." *Nat'l Farmers Union*, 471 U.S. at 856 n.21. Where it is "plain" that a tribal court lacks jurisdiction over a dispute, and further litigation in the tribal courts "would serve no purpose other than delay," the exhaustion requirement does not apply. *Strate*, 520 U.S. at 459 n.14; *see Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 672 (8th Cir. 2015). This court has explained that a tribal court plainly lacks jurisdiction "only if the assertion of tribal court jurisdiction is frivolous or obviously invalid under clearly established law." *Dish Network Serv. L.L.C. v. Laducer*, 725 F.3d 877, 883 (8th Cir. 2013).

The jurisdictional analysis in this case draws on certain established propositions, but the precise issue is not settled by clearly established law. Without "express authorization by federal statute or treaty, tribal jurisdiction over the conduct of nonmembers exists only in limited circumstances." *Strate*, 520 U.S. at 445. The "limited circumstances" were discussed in *Montana*. The Court indicated that a tribal court may exercise jurisdiction where nonmembers "enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements," 450 U.S. at 565, and an exercise of tribal power is "necessary to protect tribal self-government or to control internal relations." *Id.* at 564. The tribal district court relied on this aspect of *Montana* to assert jurisdiction.

WPX Energy argues that the tribal court plainly lacks jurisdiction in light of *Kodiak Oil & Gas (USA) Inc. v. Burr*, 932 F.3d 1125 (8th Cir. 2019). There, this court held a tribal court lacked jurisdiction over a suit concerning oil and gas leases between companies and tribal members on allotments of land on the Fort Berthold Reservation. The court explained that federal law controlled "nearly every aspect"

of the oil and gas leasing process, including the form used to execute a lease, the process for awarding leases, the size of land in a single lease, the duration of leases, the royalty rates, and the collection and distribution of royalty payments. *Id.* at 1135-37. *Kodiak* observed that the disputed conduct of nonmembers in that case—the failure to pay adequate royalties—was an activity that took place between a non-Indian company and the federal government, not between the company and tribal members. *Id.* at 1138. *Montana* did not allow for the exercise of tribal court jurisdiction in *Kodiak*, because "the entire relationship [was] mediated by the federal government," and the assertion of jurisdiction was not necessary to protect tribal self-government or to control internal tribal relations. *Id.*

Without venturing a decision on the ultimate jurisdictional issue here, we conclude that the question is not frivolous or directly controlled by *Kodiak*. While right-of-way grants are governed by federal law, *see* 25 U.S.C. §§ 323-328; 25 C.F.R. §§ 169.101, 169.102, 169.107, the dispute here arises from the alleged violation of a condition that was independently negotiated by the parties. The condition in the side letter agreements requires an application of *Montana* in a new context that differs from the scenario presented in *Kodiak*. We therefore apply the ordinary rule that a tribal appellate court should decide jurisdictional issues in the first instance, and either decline to exercise jurisdiction or provide federal courts with the precise basis for any assertion of jurisdiction. We do not signal a view on the better answer, but conclude only that WPX Energy must exhaust its tribal court remedies before proceeding with an action in federal court.[*]

---

[*]The Fettigs filed a notice of appeal from a separate order of the district court that stayed their counterclaim pending further administrative proceedings. They also moved to "concur" in the opening brief filed by the other appellants. The order staying the counterclaim is not an appealable interlocutory order, and the Fettigs did not file an opening brief challenging that order in any event. The Fettigs did not notice an appeal of the order granting the preliminary injunction, and the interlocutory order cited in their notice did not merge into a judgment that also

For these reasons, the district court's order granting a preliminary injunction is vacated, and the case is remanded with directions to dismiss the complaint without prejudice for failure to exhaust tribal court remedies.

_____

encompassed the injunction. *Cf.* Fed. R. App. P. 3(c)(7). We therefore dismiss the Fettigs' appeal and deny the motion to concur.